UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHUAN EN LIU,

      Petitioner,

      v.

BRIAN ENGLISH *et al.*,

      Respondents.

CAUSE NO. 3:26cv474 DRL-SJF

## ORDER TO SHOW CAUSE

Immigration detainee Chuan En Liu, by counsel, filed a petition under 28 U.S.C. § 2241, alleging that he is unlawfully confined in violation of the laws or Constitution of the United States. According to the petition, Mr. Liu is a Chinese citizen who entered the United States in 1993. In 1999, his request for asylum was denied, and he was ordered removed to China. On March 27, 2025, United States Immigration and Customs Enforcement (ICE) detained him, and he is currently held at the Miami Correctional Facility.

Mr. Liu argues that he is entitled to habeas relief because the government has detained him for more than six months and there is no significant likelihood that the government will remove him to China within the reasonably foreseeable future. He alleges that the government has not removed him in the 27 years since his removal order and that he has now been detained for more than one year. For relief, he seeks his immediate release from custody on an order of supervision.

The court has subject matter jurisdiction under 28 U.S.C. § 2241 to review the legality of petitioner's detention, but this does not extend to reviewing orders of removal issued by

an immigration court or discretionary decisions of the Attorney General. *See Demore v. Kim*, 538 U.S. 510, 517 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The court has jurisdiction to review the legality of Mr. Liu's detention under 8 U.S.C. § 1231(a).

Mr. Liu has named the Warden of Miami Correctional Facility as a respondent. He also lists Acting Attorney General Todd Blanche, Secretary of the Department of Homeland Security Markwayne Mullin, Acting Director of ICE Todd Lyons, and Chicago Field Office Director Samuel Olson. These additional respondents are not Mr. Liu's "immediate custodian" and do not exercise "day-to-day control" over Miami Correctional Facility, where he is being held. *Kholyavskiy v. Achim*, 443 F.3d 946, 953 (7th Cir. 2006). Relying on *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), the court of appeals concluded that the proper respondent in an immigration habeas case challenging the constitutionality of a petitioner's confinement is the warden of the facility where the petitioner is being held, not a supervisory official who has the authority to free the petitioner. *See also Doe v. Garland*, 109 F.4th 1188, 1192 (9th Cir. 2024); *Anariba v. Dir. Hudson Cnty. Corr. Ctr.*, 17 F.4th 434, 444 (3d Cir. 2021); *Vasquez v. Reno*, 233 F.3d 688, 696 (1st Cir. 2000). Therefore, the court will dismiss the noncustodial respondents, keeping the Warden of Miami Correctional Facility as the sole respondent. The court anticipates that, given normal protocols, the United States Attorney for the Northern District of Indiana will respond on behalf of the federal government and the custodial warden.

When answering the petition, the Warden should consider that some issues regarding re-detention under 8 U.S.C. § 1231(a) have already been decided by the court. The court has determined that neither 8 U.S.C. § 1252(b)(9) nor 8 U.S.C. § 1252(g) strips the court

2

of jurisdiction over a habeas petition challenging a petitioner's detention under § 1231(a), *see Liang v. English*, No. 3:25cv1052, 2026 WL 835853, 2-3 (N.D. Ind. Mar. 26, 2026), and that the court has the authority to determine whether a noncitizen, who remains present within the country and who has been ordered removed, has been detained longer than necessary to secure removal, *see id.* at 3-5 (citing *Zadvydas v. Davis*, 533 U.S. 678 (2001), and *Clark v. Suarez Martinez*, 543 U.S. 371 (2005)).

To the extent the parties would raise the same arguments regarding subject matter jurisdiction or the applicable standard for analysis already discussed in *Liang* (or in the cases it cites), there is no need to rehash these same arguments. The parties may preserve their points, and the court will deem such arguments preserved for review without need to repeat them in full in briefing and deem them likewise addressed by the court's decision in *Liang*, unless there is cause to address something new. The parties need only brief what is different or new, not what has been decided under the law, and then those issues particular to this petitioner. Naturally, the record of whether a petitioner has met his burden of showing, or whether the government has rebutted this showing, that there is no significant likelihood of removal in the reasonably foreseeable future will be unique to each petitioner.

In a separate motion, Mr. Liu asks the court to issue an order to show cause requiring a response from the Warden. ECF 2. The court denies this motion as unnecessary because the court issues orders to show cause as a matter of course unless it plainly appears from the petition that habeas relief is unwarranted. *See* Rule 4 of the Rules Governing Section 2254 Habeas Cases.

For these reasons, the court:

(1) DENIES as UNNECESSARY the motion for an order to show cause (ECF 2);

(2) DISMISSES without prejudice Acting Attorney General Todd Blanche, Secretary of the Department of Homeland Security Markwayne Mullin, Acting Director of United States Immigration and Customs Enforcement Todd Lyons, and Chicago Field Office Director Samuel Olson;

(3) DIRECTS the clerk to serve a copy of this order and the petition (ECF 1) on the Warden of the Miami Correctional Facility at the Indiana Department of Correction;

(4) DIRECTS the clerk to email a copy of this order and the petition (ECF 1) to (a) the Indiana Department of Correction; (b) the Warden of the Miami Correctional Facility at the Miami Correctional Facility, and (c) the United States Attorney for the Northern District of Indiana;

(5) ORDERS the entities listed in the previous order line to acknowledge receipt of the petition to the clerk and DIRECTS the clerk to make a notation on the docket upon receiving confirmation of receipt of those deliveries;

(6) ORDERS the Warden of the Miami Correctional Facility to file a brief status report by **April 24, 2026**, with a continuing obligation to supplement with new information, detailing whether there are plans to remove Chuan En Liu from the United States in the next thirty days and, if so, to where;

(7) ORDERS the Warden of the Miami Correctional Facility to answer the petition by **April 30, 2026**, including, in addition to any other relevant evidence, (a) a copy of the Order of Supervision that was revoked, a copy of the decision revoking his Order of Supervision, and any documentation relevant to those decisions; (b) the date of the informal interview

4

and any other custody reviews following Chuan En Liu's re-detention and documentation from those matters, and (c) the dates any travel documents have been requested and the countries from which those travel documents have been requested; and

(8) ORDERS that Chuan En Liu may file a reply by **May 6, 2026**.

SO ORDERED.

April 22, 2026                                    *s/ Damon R. Leichty*
                                                  Judge, United States District Court